**IN THE COURT OF APPEALS OF IOWA**

No. 14-0318
Filed May 14, 2014

**IN THE INTEREST OF D.C. and K.H.,**
**Minor Children,**

**D.R., Mother,**
Appellant.
_____

Appeal from the Iowa District Court for Linn County, Barbara Liesveld, Associate Juvenile Judge.

A young mother appeals the termination of her parental rights. **AFFIRMED.**

Robin L. O'Brien-Licht, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Jerry Vander Sanden, County Attorney, and Kelly Kaufman, Assistant County Attorney, for appellee.

Edward Crowell, Cedar Rapids, for father.

Robin Miller, Marion, attorney and guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Tabor and Bower, JJ.

**TABOR, J.**

The juvenile court terminated a young mother's parental rights to her son and daughter under Iowa Code sections 232.116(1)(f), (h), and (*l*) (2013). The mother only challenges the termination of her rights under paragraph (f). She also argues under section 232.116(2) that termination was not in the best interests of the children and under section 232.116(3) that termination would be detrimental because of the closeness of the parent-child relationship.

Because the mother does not contest all statutory bases for termination, we may affirm on the uncontested grounds. Whether termination serves the children's best interests or poses a possibility of greater harm are close questions. But ultimately we reach the same conclusion as the juvenile court: these children have been "bounced around" for too long and giving the mother more time to break her pattern of substance abuse and dishonesty would only prolong their instability. Accordingly, we affirm the termination order.

I.    **Background Facts and Proceedings**

D.C. (born in 2008) and K.H. (born in 2010) are the biological children of the mother, D.R., who was twenty-four years old at the time of the termination hearing in December 2013. The family first came to the attention of the Department of Human Services (DHS) in July 2009 when the mother allegedly exposed D.C. to an illegal drug. The mother admitted using illegal drugs, but not while the child was present. A month later D.C.'s hair stat test came back as positive for cocaine, benzoylecgonine, a cocaine metabolite. The presence of a metabolite indicates ingestion. The DHS removed D.C. from his home in August 2009. The court adjudicated D.C. as a child in need of assistance (CINA) on

October 20, 2009. The mother was provided numerous services including substance abuse evaluation, AA/NA, and drug testing.

The mother admitted to drinking while being pregnant with K.H., but she was able to complete substance abuse treatment and did not test positive for any substance. K.H. was born in July 2010. The DHS returned D.C. to his mother's custody on October 20, 2010. But the next day, October 21, the mother was arrested for public intoxication. Kevin, K.H.'s father, was charged with operating while intoxicated (OWI) and domestic abuse assault against the mother. She did report this incident to the DHS workers, who drew up a safety plan rather than removing the children.

In January 2011, the mother was again assaulted by Kevin. She also tested positive for alcohol use, which resulted in the removal of the children. The court adjudicated K.H. as a CINA on February 9, 2011. In less than one month, the mother progressed from semi-supervised home visits to overnight visits. But the family took a step backward when the police executed a search warrant at the mother's apartment on May 3, 2011. Law enforcement found several grams of heroin, marijuana, drug paraphernalia, and large amounts of cash. Both children tested positive for cocaine. The DHS offered services to the mother, and she started substance abuse treatment.

Again, the mother was able to make substantial headway—moving from semi-supervised visits to overnight visits with the children. By January 30, 2012, she had made enough progress to have the children returned to her. But in May 2012, she was arrested for OWI and driving while barred. A week later she was charged with the same offense, this time in Johnson County. She pleaded guilty

in both cases. The children were allowed to remain with her during her substance abuse treatment.

In December 2012, the DHS removed the children following the mother's positive tests for synthetic marijuana known as K2. The mother was arrested for possession of drug paraphernalia. In January 2013, the mother was accepted into family treatment court. Following a similar pattern, things progressed well for the family. In February 2013, the DHS returned the children to their mother for a trial home placement. Her use of K2 again caused problems in March 2013, but the mother tested negative for drugs later that month and participated in all offered visits, was employed, and participated in family treatment court.

In May 2013, the DHS again removed the children due to the mother's use of K2 and other drugs. The children both tested positive for cocaine. In July, the mother tested positive for THC and benzodiazepines. At this time, the mother admitted to using K2 regularly while in family treatment court. On February 12, 2014, the court terminated the mother's parental rights.[1] She now appeals.

## II. Standard of Review

We review a juvenile court order terminating parental rights de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). We are not bound by the juvenile court's findings of fact, but we give them weight, especially when considering credibility of witnesses. Iowa R. App. P. 6.904(3)(g). Grounds for termination of parental rights must be proved by clear and convincing evidence. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

---

[1] The court also terminated the parental rights of Tyree, D.C.'s father, and Kevin, K.H's father, but they are not parties to this appeal.

### III. Analysis

#### A. Statutory Grounds

The juvenile court terminated the mother's parental rights to D.C. under Iowa Code section 232.116(1)(f) and (*l*) and to K.H. under section 232.116(1)(h) and (*l*). When a juvenile court terminates parental rights on more than one statutory ground, we only need to find termination proper under one ground to affirm. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). The mother's failure to challenge termination under Paragraphs (h) and (*l*) waives any claim of error related to those grounds. *See Hyler v. Garner*, 548 N.W .2d 864, 870 (Iowa 1996) (stating "our review is confined to those propositions relied upon by the appellant for reversal on appeal"); Iowa R. App. P. 6.14(1)(c) ("Failure in the brief to state, to argue or to cite authority in support of an issue may be deemed waiver of that issue."). Therefore, we affirm the juvenile court's order terminating her parental rights under sections 232.116(1)(h) and (*l*).

Even if the mother had contested paragraph (*l*), she would not be entitled to reversal. That provision requires proof "the parent has a severe substance-related disorder and presents a danger to self or others as evidenced by prior acts" and her prognosis indicates the children will not be able to be returned to her custody within a reasonable period of time considering their age and need for a permanent home." Iowa Code § 232.116(1)(*l*). The mother's own testimony revealed a long-standing substance-related disorder; she started using marijuana and drinking alcohol on her own by the age of twelve.

The mother argued the children could be returned to her care because she had been drug-free and sober for seven months at the time of the

termination hearing. But given the mother's struggles with substance abuse and history of relapses, it was not possible to return the children at the time of the hearing. In reviewing the record, the mother often denies drug use even as she is testing positive. The mother was also pregnant with her third child at the time of the hearing. Her history indicates she remains sober during pregnancy only to relapse shortly after the birth of her child. The mother had been receiving services for more than five years, but could not overcome her substance abuse issues. The mother admitted using drugs while involved in both substance abuse treatment and family treatment court. She continued to provide diluted urine samples and missed drug tests up until late 2013. The record contains clear and convincing evidence for termination under paragraph (*l*).

## B. Best Interests

The mother points out the juvenile court did not express concern about her parenting style or her behavior toward the children. She also emphasizes her strong bond with both D.C. and K.H.

Termination of parental rights follows a three-step analysis. *In re P.L.*, 788 N.W.2d 33, 39 (Iowa 2010). First, the court must determine if a statutory ground for termination exists under Iowa Code section 232.116(1). *Id.* Next, the court must give consideration to the child's best interests, including the child's safety, the best placement for furthering the long-term nurturing and growth of the child, and the physical, mental, and emotional condition and needs of the child. *See* Iowa Code § 232.116(2). Finally, the court does not need to terminate parental rights if any of the statutory conditions under section 232.116(3) apply. Finding

statutory grounds for termination under section 232.116(1), we move to the best interest considerations under sections 232.116(2) and (3).

The record leaves no doubt the mother loves her children deeply. But her affection for them has not yet motivated her to forge a commitment to long-term sobriety. These children have been out of their mother's home for nearly half their young lives. Their emotional well-being has suffered as a result of moving from foster home to foster home after repeated removals from their mother's care. The children's guardian ad litem reluctantly favored termination:

> It's a difficult position to take because I think that there have been improvements . . . . But I'm also very concerned about the cycles that have occurred . . . where the kids are out of the home we don't generally see the problems escalating at that point. It's when the children go back home that things tend to blow up. . . . typically, it's not until the children are returned back home that [the mother] has reverted openly to old behaviors.
> As the guardian ad litem in looking out for the best interests of the children, I think they need stability now. Their actions, their behaviors are worsening over the course of time and they're very unsure about their future.

The juvenile court following that same reasoning:

> These cases have been open for over four years because over and over again [the mother] has been able to convince everyone that this time she has made the necessary changes to her lifestyle and a commitment to sobriety, only for all to be disappointed, but most of all to the detriment of her children who have been repeatedly traumatized by several removals and disrupted foster home placements.

As noted above, the mother has a long history of substance abuse. She admitted regularly using K2 while in substance abuse treatment and family treatment court. Because of her history, as well as recent and continuous usage, it is in the children's best interest to terminate her parental rights—despite the

strong bond between the mother and the children. The case workers testified the children are adoptable. They deserve that chance at permanency.

**AFFIRMED.**